IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA HOFFEE and SARAH HOFFEE** <br> Plaintiffs, <br><br> v. <br><br> **AAC TRANSPORTATION LLC, PEDRO CARCANO, GUILLERMO CRUZ, AMAZON.COM, INC., t/d/b/a AMAZON and J.W. LOGISTICS OPERATIONS, LLC.** <br><br> Defendants. | **Civil No. 1:18-cv-01908** <br><br><br><br><br><br><br><br><br><br><br> **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Presently before the court is the motion to dismiss filed by Defendant Amazon.Com, Inc ("Amazon"). Amazon argues that Plaintiffs Joshua and Sarah Hoffee ("Plaintiffs") have failed to plead plausible facts demonstrating that Amazon is liable for the harms allegedly caused by Defendants Pedro Carcano ("Carcano"), Guillermo Cruz ("Cruz"), AAC Transportation ("AAC"), and J.W. Logistics Operations, LLC ("JWLO")[1] (collectively, "Non-Moving Defendants").[2] For the reasons set forth below, Amazon's motion will be granted.

---

[1] JWLO was joined as the proper defendant by way of a motion to consolidate a related action, docketed at 19-cv-650. (Doc. 29.) JWLO replaced the improperly named "J.W. Fleet and Equipment," which has since been dismissed from the instant action.

[2] When referring to all defendants collectively, including Amazon, the court shall refer to such parties as "Defendants."

**I.     Background**

This matter arises out of a motor vehicle accident that occurred in Franklin County, Pennsylvania on August 7, 2017. That day, Plaintiff Joshua Hoffee ("Hoffee") was travelling south on Olde Scotland Road while Cruz was travelling north. Cruz was operating a box truck owned by AAC[3] in the course and scope of his employment with AAC and was carrying a shipment of packages from Amazon. In sum, a vehicle travelling in front of Cruz braked suddenly, and, as alleged by Plaintiffs, Cruz was following too closely to brake appropriately. In order to avoid hitting the vehicle in front of him, Cruz swerved into Hoffee's lane and struck Hoffee in a head-on collision.

Plaintiff filed the instant action via complaint on September 28, 2018. (Doc. 1.) On October 18, 2018, Plaintiff filed an amended complaint, setting forth allegations against JWLO, who was a "broker," or an intermediary that contracted with transportation companies on behalf of Amazon. Plaintiffs allege that the accident resulted in significant injuries with long-lasting or permanent side effects that impact his daily life and ability to work, and Defendant Sarah Hoffee, his wife, raised loss of consortium claims. On December 17, 2018, Amazon filed the instant motion to dismiss. (Doc. 18.) The matter has been fully briefed and is ripe for disposition.

---

[3] Defendant Carcano is the owner/resident agent of AAC. (Doc. 6, ¶ 6.)

**II.     Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly*,

550 U.S. at 556 n.3)). Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In disposing of a motion to dismiss, the court "should conduct a two-part analysis." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." *Id.* at 211 (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. Discussion

In Pennsylvania, "when an independent contractor causes injury, the party employing the independent contractor is not liable to the injured third person. *Williams v. Braden Drilling, LLC*, No. 11-cv-2342, 2014 WL 4792429, *4 (M.D.

Pa. Sept. 24, 2014) (internal citations omitted). "However, when the relationship between the parties is that of 'master-servant' or 'employer-employee,' as distinguished from 'independent contractor-contractee,' the master or employer is vicariously liable for the servant's or employee's negligent acts committed within the scope of his employment." *Wilson v. IESI N.Y. Corp.*, 444 F. Supp. 2d 298, 313 (M.D. Pa. 2006) (quoting *Drexel*, 582 F.2d at 785). A person named as an independent contractor can legally have an employment relationship with the hiring company. *Williams*, 2014 WL 4792429, at *4 (citing *Wilson*, 444 F. Supp. 2d at 313). In a nearly identical factual scenario, this court previously denied summary judgement to the transportation broker, rejecting the argument that such a broker has no duty to adequately investigate whether the carriers it hires are safe. *Ramos-Becerra v. Hatfield*, No. 14-cv-917, 2016 WL 5719801, *6 (M.D. Pa. Oct. 3, 2016). Thus, there is little doubt that a broker has a duty to verify the qualifications of carriers; however, the court has found no case law demonstrating that such a requirement is imparted to the party contracting for the shipment of goods with the broker. Accordingly, under the traditional test set forth under Pennsylvania law, Plaintiffs must assert a plausible employee/employer relationship to overcome the presumption against vicarious liability in an independent contractor/contractee relationship.

Plaintiffs, in their brief in opposition to Amazon's motion to dismiss, appear to abandon the theory that Amazon exercised such a degree of control, as they raise no arguments to support the claim that an entity that contracts with another entity, which in turn contracts with a third entity, is liable for the acts or omissions of the employee of that third entity. Even assuming they did not abandon such an argument, Amazon contends that this tenuous relationship between it and AAC or Cruz fails to show that it had the requisite control over the individual truck driver or AAC to impose liability. *See Hader v. Coplay Cement Mfg. Co.*, 189 A.2d 271, 277 (Pa. 1963*)* (holding that, in order to establish liability for a negligence action, a principal must have some degree of control over the method by which the agent conducts business); *c.f. Courtney v. Ivanov*, No. 13-cv-227, 2015 WL 3866674, *6 (W.D. Pa. June 23, 2015) (denying motion to dismiss where the plaintiffs alleged that a broker, such as JWLO, *also* acted as a motor carrier*)*. Specifically, Amazon argues that Plaintiffs' claims against it fail because negligent hiring/training/retention/supervision claims require an employee/employer relationship. (Doc. 19, p. 7. ("[A]s a general rule, companies that hire independent contractors in Pennsylvania are not liable for the negligence of the contractor or that contractor's employees.") (citing Restatement (Second) of Torts § 409; *Hader*, 189 A.2d at 277; *Lutz v. Cybularz*, 607 A.2d 1089, 1091 (Pa. Super. 1992)); *see also Drexel v. Union Prescription Ctrs., Inc.*, 582 F.2d 781, 785 (3d Cir. 1978)). Here,

there are no allegations that Amazon had any direct control over the actions of JWLO, AAC, or any of the drivers and, thus, Plaintiffs have failed to plead a plausible claim that Amazon and any of the Non-Moving Defendants had an employer/employee relationship.

Alternatively, Plaintiffs argue a theory of "direct" negligence, asserting that Amazon owed the public at large a duty of care to periodically review delivery companies that carry Amazon packages to ensure that they are compliant with various state and federal regulations and best practices. Plaintiffs also assert that Amazon is liable for AAC's and JWLO's actions because Amazon should have been aware of their alleged lack of skill and experience that caused the accident. In sum, Plaintiffs allege that Amazon: 1) failed to take action after AAC received citations and violations related to Cruz that occurred prior to the accident; 2) continued to use JWLO and AAC as independent contractors after they had received notice of the violations; and 3) failed to regulate the manner in which the AAC operated and maintained the vehicle involved in the accident. Amazon argues that Plaintiffs failed "to allege facts which establish the breach of a legally recognized duty of the defendant that is causally connected to the actual damages suffered by the plaintiff." *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 414 (E.D. Pa. 2016) (internal citations and quotations omitted).

7

If Amazon had hired AAC directly, far fewer words would be necessary to dispose of its motion to dismiss. It is well-settled that a party has a duty to adequately investigate the qualifications of its contractor. *See Hatfield*, No. 14-cv-917, 2016 WL 5719801. Here, however, Plaintiffs essentially submit that Amazon had a duty to investigate not only the contractor that it hired, JWLO, but also the contractors that JWLO hired as well. Amazon may well have negligently selected JWLO, but no facts have been pleaded to show that Amazon was negligent in any way. As pleaded in the amended complaint, the primary negligent act is three steps away from Amazon: Cruz allegedly operated his vehicle in a negligent manner, resulting in injury to Hoffee. The next degree of separation was AAC, who hired Cruz despite knowledge of numerous alleged violations he had committed that, as argued by Plaintiffs, should have disqualified him as a truck driver. In turn, JWLO was allegedly negligent because it knew or should have known of repeated safety and regulatory violations by AAC which should have demonstrated that it was not qualified to act as a trucking company. Plaintiffs' complaint stops short of alleging any facts that would give rise to a plausible inference that Amazon was negligent in retaining JWLO, and, in fact, asserts only that JWLO was an agent/employee/contractor for Amazon and that "Amazon acted with negligence, gross negligence, and/or reckless indifference by selecting [Non-moving Defendants]." (Doc. 6, ¶ 75.) This amounts to little more than a legal conclusion

that cannot, by itself, satisfy the pleading standard set forth in Federal Rule of Evidence 8. *See UPMC Shadyside*, 578 F.3d 203, 210.

Moreover, Plaintiffs cite no case law to support the existence of such a duty of a party shipping goods to investigate independent contractors hired by an independent contractor, and it appears that such a duty would have potentially dire consequences if taken to its logical extreme.[4] An individual person, when sending a package through a private carrier, presumably enters into an implicit contract with that party for the carriage of goods. If each individual sender held a duty to the public at large to ensure that the carrier's individual contractors abided by all pertinent regulations, then any individual harmed by a negligent UPS or FedEx driver would have a claim against any person whose package was carried by any particular truck. Essentially, every crash involving a private carrier could have hundreds of defendants. However unlikely such a scenario may be, it is illustrative of the fault in Plaintiffs' claims against Amazon. Amazon entered into a contract with an entity that, in turn, contracted with individual shipping companies. There is no established duty for Amazon to essentially repeat the work performed by JWLO

---

[4] *See Hobbs v. Zhao*, No. 13-cv-0673, 2015 WL 427819, *5 (N.D. Okla. Feb. 2, 2015) ("A company that regularly ships goods has a duty to use reasonable care in selecting the carrier it will use to transport those goods; if it does not, it will be liable for the negligence of the carrier. Amazon selected [the broker] to carry its goods, and there is no evidence that it did not use reasonable care in making that selection. More importantly, Amazon did not select [the driver] and, thus, any negligence on [the driver's] part cannot be ascribed to Amazon.") (granting summary judgement where the parties assumed the plaintiffs adequately pleaded a claim for negligent hiring) (citing *Hudgens v. Cook Indus., Inc.*, 521 P.2d 813, 816 (Okla. 1973)).

and Plaintiffs have pleaded no facts which would show that Amazon was negligent in any way by hiring JWLO itself.

The above discussion does not, however, require a finding that Plaintiffs' claims are entirely futile. It is feasible that JWLO demonstrated some conduct that Amazon knew or should have known of that would indicate that JWLO itself was acting negligently in researching and retaining carriers. Thus, the court will grant Amazon's motion and dismiss Plaintiffs' claims against it without prejudice, allowing Plaintiffs an opportunity to assert any facts that would support its direct claim against Amazon.

## IV. Conclusion

For the reasons set forth above, Plaintiffs have failed to plead a plausible negligence claim against Amazon. Accordingly, Amazon's motion to dismiss shall be granted without prejudice.

*s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: June 26, 2019